This case involves the two following questions:
1st. Whether the operation of the statute of limitations was suspended by the death of plaintiff’s ancestor, who died during his minority, or whether having commenced previous to the death of the ancestor, it still ran on notwithstanding such disability? This question first occurred in the case'of Hose & Daniel. (2 Const. Rep. Treadway, Ed. .549.)
In that case it was decided, that, although, the statute had commenced its course against the ancestor, it was nevertheless arrested by his death, and that the heir had five years after having arrived at the age of maturity to commence his action. The question again arose in the case of Faysoux & Prather, 1 JY. & M’ C. 296, in which it was held that under similar circumstances the heir was barred notwithstanding his minority. The law thus remaining unsettled, this case and the case of Rose & Daniel, were again brought up and the question a third time submitted to the consideration of the' court. The. judges being equally divided the question has hitherto remained undecided. The legislature however at its last session 1824, passed an act upon the subject, in which it is declared “ that the statute of limitations shall not hereafter be construed to defeat the rights of minors, where the statute has not barred the right in the life time of the ancestor', before the accrual of the right of the minor.”
In general, acts of the legislature are considered as operating only prospectively; but.this question has already been, decided by a full bench, in conformity with the provisions of that act. Since that time the court has been equally divided upon it. And the late act has been passed expressly for the purpose of settling the law. To hs barred therefore, whatever might have be *452 opinion of the true construction of the act, wpuld be to decide the question directly contrary to the declared law upon the subject. And the effect of it would be to give to the act a different operation, as it regards the cases now under consideration, to that which it will have in all future cases. The court therefore feel bound to be governed by the first decision on the subject, and to hold the plaintiff entitled to maintain his action.
But we are of opinion that the circumstances of the case authorized the jury to presume a title from the ancestor in his life time. And the motion for a new trial is therefore refused.